IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
SOUTHERN DIVISION

UNITED STATES OF AMERICA

VERSUS                                                          CRIMINAL NO. 1:07cr27WJG-JMR-2

MARIA DEL ROSARIO MORIN

O R D E R

  THIS CAUSE comes before the Court on the motion [40] of Defendant Maria del Rosario Morin for sentence adjustment [40] based on 28 U.S.C. §§ 3882 and 3553. Morin seeks a sentence reduction due to her acceptance of responsibility; her meeting of criteria for a "safety valve" reduction; her role in the crime, which she contends was driven by fear; her remorse for the crime committed and the mitigating circumstances surrounding her involvement in the crime. (Ct. R., Doc. 40, pp. 2-5.) She seeks to have the Court impose a downward departure to her sentence by reducing her offense level from 22 to 17. (*Id.*, p. 5.)

  Defendant entered a guilty plea to Count one of the indictment which charged her with conspiracy to possess with intent to distribute 100 kilograms or more of marijuana on October 2, 2007. (Minute Entry, October 2, 2007.) She was sentenced on January 16, 2008, to 41 months imprisonment, to be followed by a period of three years supervised release. (Ct. R., Doc. 38.) The Court imposed three special conditions of supervision. (*Id.*, p. 4.) First, she should provide the United States Probation Office [USPO] with access to any requested financial information; second, she shall participate in a program of testing and/or treatment for drug abuse as directed by the USPO until she is released from that program by the USPO, with Defendant contributing to the costs of such treatment to the extent the USPO deems her capable of contributing; and finally she shall obtain a GED. (*Id.*)

The Court may modify an imposed term of imprisonment to the extent otherwise expressly permitted by statute or by Rule 35 of the Federal Rules of Criminal Procedure. In this case, the Director of the Bureau of Prisons has not filed a motion to reduce Defendant's sentence and the United States has not filed a motion pursuant to Rule 35 of the Federal Rules of Criminal Procedure. The Court is unaware of any statute which permits reduction for exemplary behavior or excellent performance while in custody. The circumstances outlined by Defendant in her motion do not provide a ground for reduction of the sentence. A district court's authority to sentence below the statutory minimum is circumscribed by 18 U.S.C. § 3553(e), which provides:

> 1. Limited authority to impose a sentence below a statutory minimum.- *Upon motion of the [United States],* the court shall have the authority to impose a sentence below a level established by statute as minimum sentence so as to reflect a defendant's substantial assistance in the investigation or prosecution of another person who has committed an offense.

18 U.S.C. § 3553(e) (emphasis added).

In addition, Section 3582(c)(2) applies only to amendments to the United States Sentencing Guidelines [USSG] that operate retroactively, as set forth in USSG § 1B1.10(d). *See United States v. Miller,* 903 F.2d 341, 349 (5th Cir. 1990). Defendant identifies nothing within the USSG and names no amendment to the guidelines that would justify a change in her sentence. *See i.e. United States v. Whitebird*, 55 F.3d 1007, 1009 (5th Cir. 1995). It is, therefore,

ORDERED AND ADJUDGED that Defendant's motion [40] to reduce her sentence be, and is hereby, denied.

SO ORDERED AND ADJUDGED this the 15th day of January, 2009.

*Walter J. Gex III*
UNITED STATES SENIOR DISTRICT JUDGE